IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED

2005 FEB 22 P 3: 03

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____DEPT. CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-14 |
| | ) | JUDGE VARLAN |
| GERALD DAVID WEBBER, JR. | ) | |
| (a/k/a "David Webber") | ) | |

## PLEA AGREEMENT

The United States of America, by and through Harry S. Mattice, Jr., United States Attorney for the Eastern District of Tennessee and R. Alexander Acosta, Assistant Attorney General, U.S. Department of Justice, and the Defendant, Gerald David Webber, Jr., and his attorney, Lee Asbury, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, have agreed to the following:

1. The Defendant will plead guilty to the single Count of the Information filed in the Eastern District of Tennessee. Count One charges that the Defendant did knowingly violate 18 U.S.C. § 241 (Conspiracy Against Rights). The Defendant agrees to waive his right to be tried on Indictment by a grand jury and agrees to proceed by Information. If the Defendant complies with the terms of this plea agreement, he will not be further prosecuted in the Eastern District of Tennessee by the United States for any non-tax related offenses committed by the Defendant about which the United States presently has knowledge. The parties further agree that the appropriate disposition of this case would be the following:

   (a) The Court may impose any lawful term of imprisonment up to the statutory maximum;

   (b) The Court may impose any lawful fine up to the statutory maximum;

   (c) The Court may impose any lawful term of supervised release; and

   (d) The Court will impose any applicable mandatory assessment.

2. The maximum penalty to which the Defendant will be exposed by virtue of his guilty plea to Count One of the Information is a term of imprisonment of not more than ten years, a fine of $250,000, a term of supervised release of up to three years, and a mandatory special assessment of $100.

3. The Defendant further agrees to cooperate fully, truthfully, and completely with any and all law enforcement agents, including but not limited to personnel of the United States Attorney's Office and the Department of Justice. This cooperation includes, but is not limited to, meeting with and being interviewed by such law enforcement agents or United States Attorney's Office personnel whenever requested. The Defendant agrees to waive his right to have counsel present during such interviews. The Defendant further agrees not to protect anyone who was truly involved and not to falsely implicate anyone who was not truly involved. The Defendant further agrees to testify fully, truthfully, and completely before a federal grand jury, at any trial, or any other time or proceeding in any federal district if called upon by the United States to do so. Lastly, the Defendant agrees to submit to a polygraph examination at anytime upon request of the United States.

4. The Defendant's agreement to cooperate fully, truthfully, and completely is an integral part of this agreement. If the Defendant fails to cooperate fully, truthfully, and completely as outlined in this agreement, the United States will be free to withdraw from this plea agreement, or will be relieved of its obligations under this agreement.

5. Nothing in this agreement shields the Defendant from prosecution for perjury or the giving of a false statement to a federal agent in the event that he commits such an offense. Should the Defendant commit perjury or give a false statement to a federal agent, then the United

2

States will be free to prosecute him for that offense and will be free to withdraw from this plea agreement or be relieved of its obligations under this agreement.

6. No self-incriminating information provided by the Defendant pursuant to his cooperation under this written plea agreement will be used against the Defendant unless the Defendant violates any of the terms of this agreement. However, as set forth in Section 1B1.8 of the Sentencing Guidelines, nothing in this plea agreement shall be applied to restrict the use of any information (1) known to the government prior to entering into this written plea agreement; (2) obtained from any other source; (3) in any prosecution for perjury or giving of false statements; (4) in the event that the Defendant withdraws from this plea agreement; (5) if there is a breach of the plea agreement by the Defendant; (6) if the Defendant violates any of the terms or conditions of the Court's Order Setting Conditions of Release; or (7) concerning the Defendant's prior criminal record.

7. At time of sentencing, the United States will bring to the Court's attention the nature, extent and value of the Defendant's cooperation. This information will be provided to the Court so that it may be considered in determining a fair and appropriate sentence under the facts of the case. If, in the opinion of the United States, the Defendant renders substantial assistance within the meaning of U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), the United States will file a motion pursuant to one or both of these provisions. The Defendant acknowledges that, under the law and under the terms of this plea agreement, the United States retains complete discretion in determining whether a departure motion will be filed and if such a motion is filed, whether it is filed pursuant to U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e) or both. The Defendant acknowledges that the decision whether to file any such motion is not reviewable by the Court except under the limited circumstances set forth in *United States v. Wade*, 504 U.S. 181 (1992). The Defendant

3

further acknowledges that should the United States file such a motion, the extent of departure, if any, is within the sentencing judge's discretion.

8. The Defendant understands that the Court has the authority to impose any lawful sentence in this case. The Defendant acknowledges that the United States Sentencing Guidelines will be considered in Defendant's case to determine the appropriate sentence. The Defendant acknowledges that the sentencing determination will be based upon the entire scope of the Defendant's criminal conduct, Defendant's criminal history, and other factors and guidelines as set forth in the Sentencing Guidelines and 18 U.S.C. § 3553.

9. If the Defendant complies with the terms of this agreement, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of U.S.S.G. §3E1.1(a). Should the Defendant commit any act or omission or make any statements which would be inconsistent with accepting responsibility for the Defendant's offense, the United States will be relieved from its obligations under this paragraph, and will be free to recommend to the Court that the Defendant not receive any offense level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a).

10. Further, if the Defendant complies with the terms of this agreement and the Defendant's offense level is 16 or greater, the United States agrees to move, at or before the time of sentencing, that the Court decrease the applicable offense level by 1 additional level pursuant to U.S.S.G. §3E1.1(b). The Defendant agrees that the decision to file such a motion is within the sole discretion of the United States, and should the Defendant commit any act or omission or make any statements which would be inconsistent with accepting responsibility for the Defendant's offense, the United States will be relieved from its obligations under this paragraph, will be free not to make such motion or to withdraw such motion if already made, and will be

4

free to recommend to the Court that the Defendant not receive any offense level reduction for acceptance of responsibility under U.S.S.G. §3E1.1. Moreover, the Defendant agrees that should the Defendant commit any offense while on release pending sentencing or otherwise violate the terms of the Defendant's conditions of release, the United States will be relieved from its obligations under this paragraph, will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the Defendant not receive any offense level reduction for acceptance of responsibility under U.S.S.G. §3E1.1.

11. The Defendant acknowledges that he has read the Information in this case and that his attorney has fully explained the nature of the charges, the potential penalties, and any defenses that he might have. The Defendant further acknowledges that in order to be convicted of Count One of the Information, the United States must prove beyond a reasonable doubt that the Defendant conspired to deprived the named victim, Lester Eugene Siler, of his civil rights.

12. The Defendant acknowledges that he understands he has a right to persist in pleas of not guilty and the right to a jury trial at which he would have the right to assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination. The Defendant further acknowledges that he understands that if his guilty plea is accepted by the Court, there will be no jury trial and by pleading guilty he waives his right to a jury trial. The Defendant further acknowledges that he understands that the Court may question him under oath, on the record, and in the presence of counsel about offenses to which he will be pleading guilty and his answers could later be used against him in a prosecution for perjury or false statements. The Defendant further acknowledges that he is entering his plea of guilty voluntarily and not as a result of force or threats nor as a result of any promises by any agent of the government apart from this plea agreement.

5

13. As part of the plea agreement, the Defendant will pay the special assessment fee adjudged in this case at the time of sentencing.

14. If either the United States or the Defendant violates the terms of this agreement, the other party will have the right to void the agreement. While this case is pending, the Defendant agrees to abide by any orders of the Court. In the event the Defendant fails to comply with any such order of the Court, the United States is free to withdraw from this plea agreement or to be relieved of its obligations under this agreement.

15. The Defendant and the government agree that this plea agreement is intended to dispose of this case finally and completely without any further proceedings. Therefore, the Defendant agrees not to file any motions or pleadings pursuant to 28 U.S.C. § 2255, and he knowingly, intentionally, and voluntarily waives his right to do so. The Defendant understands that if he files any such motions or pleadings, he will have breached this plea agreement, and the United States will then be free to move to dismiss the motion, withdraw from the plea agreement, or both. Notwithstanding such waiver, however, the parties agree that the Defendant retains his right to file any motion or pleading pursuant to 28 U.S.C. § 2255 on the following grounds: (a) to challenge any ineffective assistance of counsel in this cause; (b) to challenge any prosecutorial misconduct in this cause; or (c) in the event that an applicable change in the case law renders the Defendant's conduct, as agreed to in the factual basis, not a violation of federal law.

16. The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial

6

Case 3:05-cr-00014-TAV-HBG   Document 7   Filed 02/22/05   Page 6 of 7   PageID #: <pageID>

agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. By virtue of this plea agreement, Defendant waives any statutory or constitutional right to have his payment schedule determined by the district court. Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the Government deems appropriate. Finally, Defendant and counsel agree that Government officials may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of counsel.

18. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the Defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the Defendant and the United States.

HARRY S. MATTICE, JR.
UNITED STATES ATTORNEY

02/16/2005
Date

CHARLES E. ATCHLEY, JR.
Assistant United States Attorney

02/16/2005
Date

LEE ASBURY
Attorney for Defendant

02/16/05
Date

GERALD DAVID WEBBER, JR.
Defendant

7