IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | DOCKET NO.: 3:05-CR-14 |
| | ) | (JUDGE VARLAN) |
| GERALD DAVID WEBBER, JR. | ) | |

___

**SENTENCING MEMORANDUM SUBMITTED ON BEHALF OF
GERALD DAVID WEBBER, JR.**
___

LEE ASBURY, ESQ.
ASBURY LAW OFFICE
**Counsel for Gerald David Webber, Jr.**
567 Main Street, P.O. Box 66
Jacksboro, Tennessee 37757
Telephone: (423) 562-7800
B.P.R. # 002153

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | DOCKET NO.: 3:05-CR-14 |
| | ) | (JUDGE VARLAN) |
| GERALD DAVID WEBBER, JR. | ) | |

## SENTENCING MEMORANDUM

### A. Introduction.

The following memorandum is respectfully submitted on behalf of Gerald David Webber, Jr., presently before the Court for sentencing. He was convicted upon a plea of guilty to count one of a criminal information for conspiracy to violate civil rights under color of law in violation of 18 U.S.C. § 241.

The offense, a Class C Felony, is punishable by a maximum term of imprisonment of ten (10) years; $250,000.00 fine; a term of supervised release of not more than three years and a $100.00 special assessment fee.

### B. Federal Sentencing Guidelines.

It appears that the base offense level is 14.

Defendant would ask the Court to reject application of 3 level increases based on brandishment of a weapon by a co-defendant and slight injury to a victim as he believes these factors to be part of the base offense level.

That the victim was subject to restraint with a resulting 2 level increase is justified by the facts.

Sincere exception to the application of a 6 level increase for an act committed under color of law is based on the obvious fact that the base offense level of 14 includes the fact that the actions complained of were committed under color of law as was alleged in the information and had to be proven to make out the offense.

A 2 level increase for alleged obstruction of justice is properly excluded by the probation officer and the attempt by the government to have it applied is not warranted by the facts.

Defendant urges the Court to grant the suggested 3 level decrease based on acceptance of responsibility as it clearly applies to this situation.

Likewise, the Defendant urges the Court to grant the government's motion for a one level decrease based on timely notification of his intention to plead guilty thereby saving time and government resources.

Defendant respectfully requests the Court to exercise its newly conferred discretion to grant further downward departure based on the following punishments which have already been, or are to be, inflicted on him:

1. Loss of his law enforcement career.
2. Loss of respect of his fellow officers.
3. Loss of all accumulated pension benefits.
4. Loss of his marriage.
5. Loss of his freedom as of February 22, 2005.
6. As of the date of sentencing, 4 months and 21 days of 23 hour a day lockdown in the Blount County Corrections Facility.
7. The extreme danger to which he will be exposed in a prison population because of his law enforcement background.

8. The absence of any serious injury to the victim as shown by Ms. Melton's investigation and the medical evidence.

Defendant is well aware that his training, experience, and crime free background may be cited as reasons to deal more harshly with him. He implores the Court to not lose sight of the fact that he is a human being, subject to all the frustrations, weaknesses and character flaws that affect everybody. He hopes that his past good conduct will be considered favorably by the Court.

Defendant is painfully aware of the wrongfulness of his conduct and points out to the Court that he does not seek to justify his unlawful actions, rather, he hopes to persuade the Court to consider the points he seeks to make in determining what sentence to impose.

Further, he is aware that while your honor has more discretion as a result of recent Supreme Court decisions he recognizes that guidelines are still guidelines and that defendants seeking punishment below guideline levels have the burden of justifying such requests.

In view of the foregoing Defendant asks the Court to consider the following guideline levels.

| | |
|---|---|
| Base offense level | 14 |
| Co-defendant brandished firearm (included in level 14) | 0 |
| Minor injury to victim (included in base level 14) | 0 |
| Color of law (included in base level 14) | 0 |
| Obstruction of justice (speculative at best) | 0 |
| Restraint of victim | 2 |
| ADJUSTED OFFENSE LEVEL | 16 |

Downward Adjustments

| | |
|---|---|
| Acceptance of responsibility USSG § 3 E1.1 (A) & (B) | -3 |
| Government motion (timely plea) | -1 |
| TOTAL OFFENSE LEVEL | 12 |

Further downward departure based on this memorandum, co-defendant's memoranda, motion

of the government or discretion of the Court is respectfully requested.

### C. Mr. Webber's personal and family background

The information in the pre-sentence investigation report accurately reflects his personal and professional history.

### D. Community Support

The letters and articles attached to this memorandum are from a broad spectrum of the society in which Gerald David Webber, Jr. has spent the last ten (10) years of his life. Knowing the Court will read each letter and article and consider them as they apply to all aspects of the case, counsel submits them to the Court to show what his family, his friends, associates and other interested parties have to say about him as a person and about the situation.

Of particular interest to counsel is the letter from Robert E. Kurth, retired Los Angeles Police Department Internal Affairs veteran. His unsolicited letter arrived at my office and I forwarded a copy to General Atchley. It raises the possibility of working Kurth's suggestion into some kind of "public services" presentation as part of an early release program. Providing training for officers on how to avoid wrongdoing by getting caught up in the "heat of the moment" or letting emotion override training and good judgment could be very beneficial. Mr. Webber would be glad to participate in such a program. A telephone call from Mr. Kurth confirmed that he is serious. If your honor expresses any interest, counsel will follow up further.

### E. Conclusion.

Gerald David Webber, Jr. stands before the Court for sentencing. The pre-sentence investigation report, filings by the government and the Defendant set out the various offense levels and downward departures your honor is being asked to consider.

The Defendant is fully aware of the wrongfulness of his acts and omissions and respectfully

asks the Court not to consider the contents of this sentencing memorandum as in any way attempting to justify his actions.

Rather, he hopes to persuade the Court to consider the issues he raises in mitigation of the length of sentence he will be required to serve.

Counsel for the Defendant believes, in this particular case, that the facts of swift prosecution and confinement are as important as the infliction of an unnecessarily harsh punishment.

The pre-sentence investigation report properly refers to factors which may take this case outside the heartland of cases envisioned by the U.S. sentencing commission.

Some of the factors worthy of such consideration for downward departure based on the facts herein presented are:

1. The wrongful conduct of the victim. The entire episode was precipitated by the victim persisting in drug dealing in the shadow of a public school, probation violations and attempts to escape while in the possession of drugs as shown by the pre-sentence report.
2. The absence of any need to protect the public from the Defendant.
3. The likelihood of adversarial proceedings in the form of civil action.
4. The large number of adverse results already applied to the Defendant:

   a. Loss of chosen profession.
   b. Loss of all retirement benefits.
   c. Loss of respect of his fellow officers.
   d. Loss of this marriage.
   e. Loss of his freedom as of February 22, 2005.
   f. As of sentencing date, 4 months and 21 days of extreme confinement, (23 hour a day lockdown) at Blount County Correction Facility.
   g. The absence of any serious injury to the victim.
   h. The extreme harassment and danger to which he will be exposed in a prison population because of his law enforcement background.

5. A criminal history category of (0 to 1) based on the absence of any past criminal conduct.
6. His willingness to participate in any program designed around the suggestion of Mr. Kurth which might be helpful to other officers.
7. A sincere apology to the victim, his fellow officers, his family, the Court and the public for his inexcusable loss of control of the situation and the resulting unlawful

conduct.
8. Any other legitimate reason which may be suggested by any other party, the U.S. Attorney, the probation officer or the Court.
9. A need for fairness exists which can only be addressed by the Court. The legislative branch of government passed the sentencing guidelines with the "one size fits all" philosophy built in. The executive branch sees its responsibility as enforcing the congressional mandate in the most punitive way possible.

Recently the United States Supreme Court has clearly held that the traditional role of the judiciary to render judgments that, in the sound discretion of a federal judge, are fair, fit the punishment to the crime and accomplish the purposes of the law without being unduly harsh, is to be re-established and to be the guiding principle in sentencing.

While the Defendant's unlawful conduct cannot be condoned, punishment can be tailored to meet the ends of justice and deterrence without being unduly draconian.

The Defendant respectfully asks your honor to take that even handed and dispassionate view of all the facts in this case and to exercise your sound discretion in fixing punishment.

Mr. Webber assures the Court that any consideration extended to him will be deeply appreciated and that any special condition applied to him will be complied with.

Respectfully submitted,

s/Lee Asbury
Lee Asbury
Attorney for Gerald David Webber, Jr.
B.P.R. # 002153
567 Main Street - P.O. Box 66
Jacksboro, Tennessee 37757
Telephone: (423) 562-7800
Facsimile: (423) 562-8184

CERTIFICATE OF SERVICE

I hereby certify that, on the 27th day of June, 2005, a copy of the foregoing **SENTENCING MEMORANDUM SUBMITTED ON BEHALF OF GERALD DAVID WEBBER, JR.** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system and by regular U.S. mail to Charles E. Atchley, Assistant United States Attorney, 800 Market Square, Suite 211, Knoxville, Tennessee 37902, Facsimile: (865) 545-4176.

                                                    s/Lee Asbury
                                                    Lee Asbury