RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0247p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

*In re* LESTER EUGENE SILER; JENNY SILER,
      *Petitioners.*
_____

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

  *v.*

SHAYNE GREEN; WILLIAM CARROLL;
SAMUEL R. FRANKLIN; GERALD DAVID
WEBBER,
      *Defendants*,

JENNY SILER,
      *Movant-Appellant.*

Nos. 08-5215/5280/
5364/5366/5367

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
Nos. 05-00011; 05-00012; 05-00013; 05-00014; 05-00015—
Thomas A. Varlan, District Judge.

Argued: March 12, 2009

Decided and Filed: July 13, 2009

Before: DAUGHTREY, ROGERS, and KETHLEDGE, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Herbert Sanford Moncier, LAW OFFICES OF HERBERT S. MONCIER, Knoxville, Tennessee, for Petitioners. Debra A. Breneman, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Herbert Sanford Moncier, LAW OFFICES OF HERBERT S. MONCIER, Knoxville, Tennessee, for Appellant. Debra A. Breneman, Charles E. Atchley, Jr., ASSISTANT UNITED STATES ATTORNEYS, Knoxville, Tennessee, for Appellee.

―――――――――――

**OPINION**

―――――――――――

ROGERS, Circuit Judge. This appeal arises in the context of the defendants' criminal trial, although the issue now before us is unrelated to the merits of the Government's case against the defendants. Petitioners Lester and Jenny Siler sought access to the defendants' Presentence Reports (PSRs). The defendants were Campbell County law enforcement officers who violated Lester Siler's constitutional rights while arresting him. The defendants pled guilty to federal charges for their actions, and the Silers subsequently sued them for civil damages. Following discovery in the civil case, the Silers moved the district court in each of the defendants' criminal cases to release the defendants' PSRs to them. The district court denied the motions, correctly we conclude. There is no apparent authority for the release of such documents in this context. But even if the district court did have authority to entertain the Silers' motions, it did not abuse its discretion in denying the Silers' motions because PSRs are confidential, nonpublic documents, and the Silers did not show that they had a special need to have access to them.

The events underlying the criminal case arose when the defendants, former law enforcement officers Shayne Green, Samuel Franklin, Gerald David Webber, Jr., and William Carroll, along with former officer Joshua Monday, went to the Silers' home to arrest Lester Siler. The officers agreed to use threats and force to obtain Siler's consent to search his home. After Siler answered the door, the officers handcuffed Siler outside his house and brought him inside, where they instructed Siler's wife and child to leave the home. The officers threatened to beat, kill, and maim Siler if he did not consent to a search. The officers attempted to force Siler's head into an overflowing toilet and beat Siler using various objects. Following this incident, the officers lied to authorities in order to conceal their actions.

The officers were subsequently indicted for conspiracy to violate civil rights under the color of law, in violation of 18 U.S.C. § 241. Each officer pled guilty pursuant to a plea agreement with the government and received between 51 and 57 months in prison. The four defendants were also ordered to pay $2,500 each in restitution to Siler, totaling $10,000.

Eighteen months later, Siler, along with his wife and child, brought a civil suit against the five officers, the Campbell County Sheriff, and Campbell County in the U.S. District Court for the Eastern District of Tennessee. Complaint, *Siler v. Webber, et al.*, No. 3:05-cv-00341 (E.D. Tenn. Jul. 7, 2005). Siler alleged violations of his constitutional rights under 42 U.S.C. §§ 1983 and 1988, and numerous state law claims. *Id.* ¶¶ 45-131. The discovery process in the case was plagued with various problems, including attempts to settle the suit, insufficient funds for discovery, attorney illness, and attorney inexperience. As a result no discovery was accomplished. *Siler v. Webber, et al.*, No. 3:05-cv-00341, slip op. at 2 (E.D. Tenn. Feb. 12, 2008). The Silers' replacement counsel moved for an extension of the time for discovery, but the district court denied the extension for lack of good cause. *Id.* at 4.

The Silers then attempted another route to obtain evidence for the civil suit by filing motions in each of the four defendants' criminal suits to unseal or release the defendants' PSRs.[1] The Silers argued that the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, and the Eastern District of Tennessee's Local Rule 26.2 supported the release of the defendants' PSRs. The district court denied the Silers' motion as to each of the defendants, reasoning that PSRs are generally not available to third parties and that the Silers had not demonstrated a special need for their release. The court determined that the CVRA did not confer a general right to obtain PSRs and, therefore, that the court had discretion to deny the motions. *See United States v. Green*, No. 3:05-CR-00011 (E.D. Tenn. Jan. 30, 2008); *United States v. Carroll*, No. 3:05-CR-00012 (E.D. Tenn. Jan. 30, 2008); *United States v. Franklin*, No. 3:05-CR-00013 (E.D. Tenn. Jan. 30, 2008); *United States v. Webber*, No. 3:05-CR-00014 (E.D. Tenn. Jan. 30, 2008).

The Silers now appeal the district court's orders and, as an alternative form of relief, petition this court for a writ of mandamus, under both the CVRA, 18 U.S.C. § 3771(d)(3), and 28 U.S.C. § 1651. The appeals and the request for mandamus relief were consolidated for our review.

---

[1] The Silers neglected to file a motion for the release of Monday's PSR. Therefore, Monday is not covered by this appeal, although the Silers indicate an intent to ask for Monday's PSR if successful in this appeal.

First, the Silers may pursue this appeal although they were not technically parties below. The general rule, of course, is that "one who is not a party or has not been treated as a party to a judgment has no right to appeal therefrom." *Karcher v. May*, 484 U.S. 72, 77 (1987). However, although the Silers did not formally intervene and become parties, the district court effectively treated the Silers like intervening parties and decided the merits of their motions. As Judge Hand explained long ago:

> [I]t is indeed well settled that generally speaking no person, not a party to a suit, may appeal. The reason for this is that if not a party, the putative appellant is not concluded by the decree, and is not therefore aggrieved by it. But if the decree affects his interests, he is often allowed to appeal.

*West v. Radio-Keith-Orpheum Corp.*, 70 F.2d 621, 623-24 (2d Cir. 1934) (citations omitted). The Silers were obviously aggrieved by the denials of their motions. We have cited with approval cases from other circuits "holding that appeals may be taken by non-parties who were treated on all sides as *de facto* parties but who never formally intervened." *City of Cleveland v. Ohio*, 508 F.3d 827, 837 (6th Cir. 2007). As the Fifth Circuit explained in a case fairly analogous to the Silers', "[A] nonparty [may] appeal the denial of its motion for permission to inspect and copy progress reports and programs sealed under a protective order." *In re Beef Indus. Antitrust Litig.*, 589 F.2d 786, 788-89 (5th Cir. 1979).

We recognize that the Ninth Circuit has refused to allow non-party newspapers to appeal criminal court closure orders, requiring instead that appellate review be sought via mandamus. *See, e.g.*, *United States v. Brooklier*, 685 F.2d 1162, 1165 (9th Cir. 1982); *United States v. Sherman*, 581 F.2d 1358, 1360-61 (9th Cir. 1978). But the Ninth Circuit itself recognizes that its practice is more conservative in this regard than that of the Third, Fifth, and District of Columbia Circuits. *Brooklier*, 685 F.2d at 1165 (citing *United States v. Criden*, 675 F.2d 550, 552 (3d Cir. 1982); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 425-26 (5th Cir. 1981); *United States v. Hubbard*, 650 F.2d 293, 309 (D.C. Cir. 1980)); *see also United States v. Schiavo*, 504 F.2d 1 (3d Cir. 1974) (en banc). *See generally United States v. Chagra*, 701 F.2d 354, 359-60 (5th Cir. 1983) (discussing precedent among the circuits). The reasoning of those cases from the Third, Fifth, and

District of Columbia Circuits is more persuasive. This court thus has appellate jurisdiction under 28 U.S.C. §1291 over the final orders of the district court denying access to the requested PSRs.

Turning to the merits, it is questionable in the first place whether the district court had any authority to release the PSRs. The Silers' requests do not fall under the district court's authority under the CVRA. The CVRA provides the district court with authority to protect the victim's limited right to participate in the criminal trial process. 18 U.S.C. § 3771(a); *Kenna v. U.S. Dist. Court*, 435 F.3d 1011, 1016 (9th Cir. 2006). Under the Act, victims can intervene in the district court to enforce their rights. § 3771(d)(3). However, because the criminal trials at issue are long over, the Silers' attempted interventions and subsequent requests fall outside of the scope of protection provided by the CVRA.

It is also not clear that the district court, as the criminal trial court, retained authority to release the PSRs. *Compare United States v. Moussaoui*, 483 F.3d 220, 236-37 (4th Cir. 2007) (holding the district court to be without authority to entertain the victims' motion to release confidential government documents used in the criminal case), *with United States v. Gomez*, 323 F.3d 1305, 1307 n.3 (11th Cir. 2003) ("The district court's discretionary authority over the release of [PSR] material has been analogized to the standards governing the release of grand jury material."). Although a district court's inherent authority allows it to manage documents in its custody, PSRs are not such documents because they are released to the court for the limited purpose of sentencing, but are otherwise in the custody of the U.S. Probation Office, which creates the PSRs. In this regard, PSRs are not similar to grand jury transcripts, requests for which must be directed toward "the court that supervised the grand jury, as it is the only court with control over the transcripts." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 225 (1979). In contrast, PSRs are "materials that the Government possesses, and that may be obtained . . . through the normal course of third-party civil discovery," *Moussaoui*, 483 F.3d at 236, or by filing a request under the Freedom of Information Act, *see, e.g.*, *United States v. Julian*, 486 U.S. 1, 11-12 (1988). Thus, because the

Nos. 08-5215/5280/5364/5366/5367            *In re Siler, et al.*            Page 6

district court in this case was not the custodian of the PSRs, it did not have the authority to entertain motions to unseal or release the PSRs.

Moreover, to the extent that some courts exercising criminal jurisdiction have given third parties—mainly the press—access to PSRs in limited circumstances, those requests for the documents were usually made contemporaneously. *See Gomez*, 323 F.3d at 1306-07 (request when sentencing was pending); *United States v. Dare*, 568 F. Supp. 2d 242, 243 (N.D.N.Y. 2008) (intervening before sentencing); *United States v. Loeper*, 132 F. Supp. 2d 337, 338 (E.D. Pa. 2001) (intervening after sentencing but before entry of judgment). In contrast, the Silers' requests came more than two years after the criminal cases were closed.

But even if the district court did have the power to order the release of the PSRs, the court did not abuse its discretion by denying the Silers' requests. First, the CVRA does not provide an independent right to obtain PSRs and, therefore, did not require the disclosure of the PSRs in this case. The statute provides victims with rights associated with the defendant's trial, such as notice of proceedings against the defendant, the right to be heard at a proceeding, and the right to confer with the government's attorney. 18 U.S.C. § 3771(a). The statute does not refer to documents offered during the defendant's trial. *Id.* Furthermore, the legislative history of the bill indicates that Congress was concerned only with the victim's right to take part in the criminal trial. *See, e.g.*, 150 Cong. Rec. S4260, 4262-63 (2004). Moreover, we know of no other court that has considered the issue and has found that the CVRA encompasses a right of access to PSRs. *See, e.g.*, *In re Brock*, 262 F. App'x 510, 512 (4th Cir. 2008); *In re Kenna*, 453 F.3d 1136, 1137 (9th Cir. 2006).

Even if the CVRA could be read to encompass a right of access to PSRs, it would not apply to requests like the Silers'. It has been argued that the CVRA encompasses a general right of victims to "participate in federal criminal proceedings," which could support access to PSRs in order to help the victim prepare to testify at trial. *See In re Brock*, 262 F. App'x at 511-12 (rejecting this argument); *United States v. Coxton*, 598 F. Supp. 2d 737, 739-40 (W.D.N.C. 2009) (citation omitted) (same). In this case,

however, the Silers do not seek access in order to participate in the trial proceedings—the criminal proceedings in this case are long over. As the Fourth Circuit stated, "The rights codified by the CVRA . . . are limited to the criminal justice process; the Act is . . . silent and unconcerned with victims' rights to file civil claims against their assailants." *Moussaoui*, 483 F.3d at 234-35. Hence, the Silers' requests are clearly outside the scope of the CVRA.

Second, the common law right of access to court records does not cover the defendants' PSRs. The scope of any such common law right is left to the "sound discretion of the trial court." *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). In practice, PSRs are not treated as public records within the judicial system, but are handled and marked as "confidential reports." *United States v. Martinello*, 556 F.2d 1215, 1216 (5th Cir. 1977); *see also United States v. McKnight*, 771 F.2d 388, 390 (8th Cir. 1985). Fed. R. Crim. P. 32(e)(2) authorizes the release of a PSR to the defendant, the defendant's attorney, the government's attorney, and the court, implying that those are the only parties with access, and courts have accordingly declined to extend access beyond these limits. *See Julian*, 486 U.S. at 12. Contrary to the Silers' contentions, courts have given reasons why PSRs are not subject to a common law presumption of court openness. For instance, the Supreme Court in *Julian* noted that disclosure would have "a chilling effect on the willingness of various individuals to contribute information" and recognized "the need to protect the confidentiality of the information contained in the report." 486 U.S. at 12; *see also United States v. Huckaby*, 43 F.3d 135, 138 (5th Cir. 1995); *United States v. Corbitt*, 879 F.2d 224, 232 (7th Cir. 1989); *United States v. Greathouse*, 484 F.2d 805, 807 (7th Cir. 1973).[2]

Because PSRs are not public documents, the district court's local rules in this case do not provide for access to the defendants' PSRs. The Eastern District of

---

[2] The district court's decision did not need to be narrowly tailored under *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984) and *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982). Those cases involved the right to attend criminal trials, in order to provide "community therapeutic value" and enhance "public confidence in the system." *Press-Enter.*, 464 U.S. at 508-09. The obvious differences between the ability to attend open court and post-trial access to confidential documents render the applicability of the "narrow tailoring" requirement questionable.

Tennessee's Local Rule 26.2 provides that all papers filed with the court become part of the record unless stated otherwise by "statute, rule or order." The PSRs in this case were never filed with the court, and so Local Rule 26.2 by its terms does not apply to them. Because the Rule does not sweep the PSRs into its purview, its procedures for the sealing and unsealing of public documents are inapplicable.

Moreover, the district court did not abuse its discretion in finding that there was not the required "special need" for the release of these nonpublic documents. *Julian*, 486 U.S. at 12. The district court found that the Silers needed the PSRs only because they failed adequately to complete discovery in their civil litigation. *United States v. Green*, No. 3:05-CR-00011, slip op. at 3 (E.D. Tenn. Jan. 30, 2008). However, when "virtually everything in the presentence report [was] available from other sources," *id.* (*citing Beller v. United States*, 221 F.R.D. 674, 678 (D.N.M. 2003)), there is no special need for access. *See United States v. Spotted Elk*, 548 F.3d 641, 672 (8th Cir. 2008). The district court considered the concerns associated with releasing PSRs, and reasonably weighed the Silers' need against the need to keep PSRs confidential. *United States v. Green*, No. 3:05-CR-00011, slip op. at 3 (E.D. Tenn. Jan. 30, 2008). The district court found that the balance was tipped in favor of keeping the documents confidential, and the result is not abuse of discretion.

Because the district court properly denied the Silers' motions, we deny the Silers' alternative mandamus petition as well.

The district court's orders are affirmed and the petition for mandamus is denied.